[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12751

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RAYMOND SAUNDERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:23-cr-14013-AMC-1

_____

Before JORDAN, LUCK, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Raymond Saunders appeals his 85-month sentence following his convictions for six counts of alien smuggling for purposes of profit or financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2, and one count of illegal reentry after prior removal, in violation of 8 U.S.C. § 1326(a). On appeal, Saunders argues that the district court erred in applying three enhancements under U.S.S.G. §§ 2L1.1(b)(2)(B) & (b)(4) for transporting at least 25 aliens and an unaccompanied minor because the jury acquitted him of such conduct,[1] and under U.S.S.G. § 3B1.3 for using special skills to transport aliens over water. After careful review, we affirm Saunders's sentence.

**I.**

The Sentencing Guidelines provide for a 3-level increase to the offense level if a defendant transports 6 to 24 aliens into the United States, and a 6-level increase for transporting 25 to 99 aliens. U.S.S.G. § 2L1.1(b)(2)(A)–(B). The Guidelines also provide for a four-level increase if the defendant transports an unaccompanied minor. *Id.* § 2L1.1(b)(4). And the Guidelines provide for a two-level increase if the defendant used a special skill in facilitating the offense. *Id.* § 3B1.3.

---

[1] A grand jury indicted Saunders for 76 counts of alien smuggling but acquitted him on 70 counts.

We review a district court's factual findings at sentencing for clear error and its application of the Sentencing Guidelines to those facts de novo. *United States v. Castaneda-Pozo*, 877 F.3d 1249, 1251 (11th Cir. 2017) (per curiam).

But it is "not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence." *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006) (internal quotation mark omitted). In holding that a guideline error was harmless, we consider (1) whether the district court would have imposed the same sentence if it had resolved the guideline issue in the defendant's favor and (2) whether the sentence imposed is reasonable under the factors discussed in 18 U.S.C. § 3553(a), even if the district court had resolved the guideline issue in the defendant's favor. *Id.* The record supports holding that the district court would have imposed the same sentence, without the challenged enhancements, if the district court finds that it would have imposed the same regardless of any error in applying the guidelines. *Id.*

"[W]hen a district court states that the sentence it has imposed would not have changed even with a different guideline calculation[,] we assume there was an error, reduce the guideline range according to the way the defendant argued, and analyze whether the sentence would be substantively reasonable under that guideline range." *United States v. Grushko*, 50 F.4th 1, 18 (11th Cir. 2022). Specifically, we assume that the defendant's proposed lower guideline range is the applicable one. *Id.* at 19.

When reviewing a sentence's substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court must consider several sentencing factors, including the nature of the offense, the defendant's characteristics and history, and the need for the sentence imposed to reflect the seriousness of the offense, protect the public, and deter crime. 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(C). A district court abuses its discretion in imposing a sentence when it: (1) fails to consider relevant factors that were due significant weight; (2) gives an improper or irrelevant factor significant weight; or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

## II.

On appeal, Saunders argues that the district court erred in applying three enhancements under U.S.S.G. §§ 2L1.1(b)(2)(B), (b)(4) for transporting at least 25 aliens and an unaccompanied minor and under U.S.S.G. § 3B1.3 for using special skills to transport aliens over water. We decline to review Saunders's challenges to these three enhancements because if there was any error, it was harmless.

At Saunders's sentencing hearing, the district judge stated that she would impose the same sentence even if the three enhancements were found to be erroneous: "I would impose the same sentence of 85 months['] imprisonment in consideration of the [§] 3553 factors given the very seriousness of the offense and

the need to specifically deter [Saunders] from committing future crimes."

Because the district court would have imposed the same sentence even without the enhancement, under our case law, we will assume there was an error, calculate the guideline range without the error, and then analyze whether the sentence would be substantively reasonable under that guideline range. *Keene*, 470 F.3d at 1348–50.

The district court did not abuse its discretion by imposing an 85-month sentence, even though it was a 55-month upward variance from the top of the assumed 24–30 months Guidelines range. *See Grushko*, 50 F.4th at 20 (explaining that sentences outside the guideline range are not presumptively unreasonable, but major upward variances require more significant justifications than minor ones). The district court cited several 18 U.S.C. § 3553(a) factors in explaining its sentence, including the seriousness of the offense conduct, the need to promote deterrence, and the need to promote respect for the law. The district court discussed Saunders's conduct when approached by authorities—increasing the speed of the boat, nearly crashing into a jetty and his attempts to avoid responsibility for his conduct. The district court also explained that Saunders had previously captained or co-captained other vessels with illegal aliens, and that those incidents had emboldened him to continue to the conduct at issue. While Saunders's 85-month sentence is significantly higher than the top of his Guidelines range, it is also well

below the statutory maximum,[2] which is an indication of reasonableness.  *Grushko*, 50 F.4th at 20.

We conclude that if there was any misapplication of the enhancements, the errors were harmless because the district court would have imposed the same sentence even without the enhancement, and the sentence was reasonable.  *Keene*, 470 F.3d at 1350. Accordingly, we affirm.

**AFFIRMED.**

---

[2] For two of Saunders's convictions of alien smuggling, the statutory maximum was 120 months' imprisonment, and for the remaining four of Saunders's convictions of alien smuggling, the statutory maximum was 180 months.